## SHERWOOD *vs.* PRATT.

Where one who has signed his name as an attesting witness to the execution of an instrument, did so without the knowledge or consent of the parties, the instrument may be proved as if there were no subscribing witness.

The signature of a subscribing witness is not *conclusive* upon the parties to the instrument. It is only *prima facie* evidence that the witness was called in by them; and the presumption arising from it may be contradicted.

And for that purpose, parol testimony may be received; the object of the proof not being to contradict, or vary, the written agreement, but merely to show that its execution was not attested in a particular way.

APPEAL, by the plaintiff, from a judgment entered upon the report of a referee. The action was in the nature of replevin.

The complaint alleges that on or about the 27th day of July, 1867, the defendant took and wrongfully detains, from the plaintiff, certain articles of personal property belonging to the plaintiff, of the value of $600. The defendant, by his answer, admits the taking and detaining of the said property, and alleges that he took the same upon a chattel mortgage executed by one J. W. Sherwood, and detained it for the purpose of selling under the said mortgage. The cause was referred to Harlo Hakes, Esq., and was brought on for trial on the 12th day of May, 1868.

J. W. Sherwood was indebted to the plaintiff in the

sum of $615, and had given to him a mortgage on the property mentioned in the complaint. Upon said mortgage appeared the name of the referee as a subscribing witness, which had been placed there without the knowledge or request of the plaintiff, or the mortgagor. At the commencement of the trial, the plaintiff attempted to prove the execution of the mortgage by himself as a witness; when the defendant objected, on the ground that there was a subscribing witness to the mortgage. The plaintiff then offered to show that the name of the subscribing witness was placed upon said mortgage without the knowledge or consent of himself or the mortgagor. The plaintiff conceded that the subscribing witness to the mortgage so subscribed it at the time of the execution of the mortgage. The offer was objected to by the defendant's counsel, on the ground that having been subscribed by the witness at the time of the execution of the mortgage, it should be deemed to have been adopted by the parties. Second. That it would be an alteration or contradiction of the instrument, and, in effect, striking out the name of the subscribing witness. Objection sustained by the referee, and the plaintiff's counsel duly excepted. Thereupon the plaintiff's counsel announced that, under the ruling, he was unable to proceed further, for the reason that he should be obliged to call the referee as the subscribing witness. The defendant's counsel moved for a nonsuit on the question of the plaintiff's right to recover. Motion granted. The plaintiff's counsel then waived the necessity of calling witnesses to prove, and admitted, that the property in question was taken from the possession of the defendant by the sheriff, pursuant to the proceedings in this action, on the first day of August, 1867, and delivered to the plaintiff, and was not reclaimed by the defendant; but was retained by the plaintiff, and that the value of the property was $600. The referee thereafter made his report, by which he found that the plaintiff

had failed to establish a cause of action against the defendant herein, or any right to the possession of the personal property mentioned in the complaint. That the value of the property was $600; and that the defendant was entitled to the possession of said property, and to the return thereof, and in case a return thereof could not be had, he would be entitled to recover the said value thereof, with interest from the time of the taking. And judgment was entered accordingly.

*Burrell & Soule,* for the appellant.

I. The plaintiff was a competent witness to prove the execution of the mortgage. If he saw the mortgagor sign his name to the mortgage, his testimony to that fact would be as good evidence as it is possible to produce, and better evidence than was received in the case of *Hall* v. *Phelps,* (2 *John.* 451,) and approved in *Mauri* v. *Heffernan,* (13 *id.* 74,) and 3 *Cowen & Hill's Notes,* 28, 29.

II. The person whose name appeared upon the mortgage as a subscribing witness was not such witness within the meaning of the law. Neither party to the mortgage had any knowledge that his name was subscribed thereto, and it is well established that no person can make himself a subscribing witness to an instrument without the knowledge or request of the parties to it; that is, no person can, by voluntarily placing his name upon an instrument as a subscribing witness, compel the parties to the instrument to call him to prove its execution. (2 *Phil. Ev.* 201, 214. 2 *Cowen & Hill's Notes,* 362, 387, *marginal.* 1 *Stark. Ev.* 328. 1 *Greenl. Ev.* 569. 2 *Wend.* 576. 6 *Hill,* 303. 2 *Wait's Law and Practice,* 431.)

III. The fact that the referee placed his name as a subscribing witness to the mortgage, at the time of its execution, is not conclusive that either of the parties to the mortgage knew that it was there; and most certainly they could not adopt him as the subscribing witness with-

out their knowledge. To produce that effect there must be an agreement to so regard him, made and entered into by the parties, after the fact that he had so subscribed his name came to their knowledge. When it is conceded that the referee placed his name to the mortgage without the knowledge or request of the parties thereto, it must also be conceded that at that time he was not a legal subscribing witness. He could become such at a subsequent time only by the agreement of the parties, which agreement should be proved by the person asserting its existence, before either party to the mortgage should be'compelled to call him to prove its execution.

Where the existence of a fact or relation, continuous in its nature, has once been proved, a presumption of its continuance arises. (1 *Stark. Ev.* 55. 2 *id.* 688. 1 *Phil. Ev.* 449. 1 *Cowen & Hill's Notes,* 458.) By a parity of reasoning, when it has been proved that an apparent fact or relation of the same nature did not exist at the time it was presumed to have existed, the presumption must also arise that it did not subsequently exist.

IV. The name of the subscribing witness is no part of the mortgage.

V. The plaintiff should have been allowed to prove that the name of the so-called subscribing witness was placed upon the mortgage without the knowledge or request of the parties thereto. 1. The defendant objected to his proving the execution thereof by any other person than the one whose name appeared thereon as a subscribing witness. 2. As the name of the referee appeared upon the mortgage as a subscribing witness, the presumption arose that he was such in fact and in law; and the plaintiff should have been allowed to rebut that presumption, to relieve himself of the seeming necessity of proving its execution by him.

VI. The defendant was not entitled to a judgment for a

return of the property; he did not claim a return in his answer. (*Code*, § 277.)

VII. The defendant was not entitled to a judgment for the market value of the property. Allowing him all he claimed, he had but a special property therein, to the amount of his lien, by virtue of his mortgage. As no evidence was produced to show what that amount was, the finding of the referee, and the judgment entered in pursuance thereof, are most clearly erroneous. (*Seaman v. Luce*, 23 *Barb.* 240. *Spoor v. Holland*, 8 *Wend.* 445.)

VIII. In this case no trial was had. The plaintiff was turned out of court before he could introduce any material evidence to support his cause of action. The mortgage was the foundation of his title to the property, and when he was prevented from proving the execution of that, he, of course, could not proceed in the trial of the cause. It was impossible for the plaintiff to offer any better evidence of the execution of the mortgage than he did. It could not have been proved by the referee as subscribing witness, because he was not such witness. It is the legal duty of the courts to see that issues of fact therein are fully and fairly tried. (*Adsit v. Wilson*, 7 *Howard's Pr.* 64.) The court cannot fail to see that the trial of this cause was prevented by the defendant and the erroneous rulings of the referee. And it is submitted with confidence that the plaintiff will be allowed an opportunity to establish his title to the property mentioned in the complaint; and that if the defendant has any lien on said property by virtue of his alleged mortgage, he shall be required to establish it by competent evidence.

*Geo. B. Bradley*, for the respondent.

I. In view of the fact that the witness to the mortgage subscribed as such at the time of the execution of the instrument, the plaintiff's offer to show that the subscription by the witness was without the knowledge or request

of the parties was incompetent, and properly excluded.
1. The fact that the witness subscribed at the time of execution made him a subscribing witness, and conclusively established his relation as such to the instrument. (*Hollenback* v. *Fleming*, 6 *Hill*, 303 *to* 305.)    In such case the execution by the party and subscription by the witness are considered parts of the same transaction.   (*Id.*) · 2. And when the instrument became effectual by delivery, the subscription by the witness was a part of it, in so far that it provided upon its face the mode of proof of execution, and it must be deemed to have been delivered and accepted with a view to the consequences and effect relating to the establishment by proof of the execution.
3. The mortgagor, certainly, after delivery of the instrument thus witnessed, cannot insist that the witness was not a subscribing witness ; nor could the mortgagee repudiate that relation of the witness after acceptance.   The parties, at the time of and by delivery and acceptance, must be deemed to have adopted the subscription by the witness. It follows that where an instrument is delivered and accepted with the name of a subscribing witness thereto, who is personally competent to be such, the relation as such of the witness cannot be defeated.   And especially is that so when the execution by the party cannot be distinguished, in point of time, from the subscription by the witness.   Any other rule might not only be prejudicial to a party to the instrument, but would open the door to confusion, by producing question of a fact whenever a want of recollection of a party would permit.   The rule would be different if it should appear that the witness did not subscribe before delivery; then the subscription would be no part of the instrument as delivered.   4. The subscription at the time of execution is so much a part of the instrument that to attempt to prove that the witness' name appeared there without request, would be an attempt to reform or alter it.   This subscription by a witness is so

Sherwood *v.* Pratt.

important a feature of the paper, in respect to authenticating its execution, that at common law the necessity of proof by the witness cannot easily be obviated in respect to anything relating to the execution. (*Hollenback* v. *Fleming*, 6 *Hill*, 305. *King* v. *Smith*, 21 *Barb.* 158. *Jones* v. *Underwood*, 28 *id.* 481.) And the fact that the subscribing witness was referee, (having been made so by consent,) would not have enabled the party to resort to secondary evidence of execution. (*Jones* v. *Phelps*, 5 *Mich.* 218. *Patterson* v. *Schenck*, 3 *Greenl.* 434.) This question, however, is not presented in this case.

II. In any view, the evidence offered could not tend to show that Harlo Hakes was not in fact a subscribing witness. The offer was not broad enough. 1. The theory that a subscribing witness is one selected by the party or parties to the instrument, and subscribes as such by request, express or implied, is satisfied. In this case the witness subscribed at the same instant that the mortgagor executed the mortgage, and it was delivered and accepted thus subscribed. The presumption is, that the parties knew, when the mortgage was delivered and accepted, what the mortgage contained—that the witness' name appeared thereon; and the presumption is as strong in respect to that as to any part of its terms. And they must be deemed to have then adopted the witness as legitimate. This presumption is a legal one, not susceptible of repulsion collaterally by oral evidence, any more than that relating to any other thing appearing in the instrument. 2. The offer to prove that the subscription, although made at the time of the execution of the paper, was so made without the knowledge or request of the parties, if allowed, would have failed to show that the parties, at the time of delivery and acceptance, were not aware of the subscription, and adopted it. The evidence would have been practically useless. The offer was too narrow. (*Dickinson* v. *Smith*, 25 *Barb.* 102 to 108. 3 *N. Y.* 47, 50. 38 *Barb.*

417.)  The offer relates entirely to the time of the act of subscription by the witness.  The parties may have known it, a moment after it was made, consistently with the truth of the evidence offered.   3.  The presumption is, that the person whose name appears subscribed as such to an instrument is a subscribing witness.  The plaintiff has the affirmative, and is required to exclude the presumption, by proof that the person was in fact such witness.  (*Whitaker* v. *Salisbury*, 15 *Pick.* 544.   *Sigfried* v. *Levan*, 6 *S. & R.* 311.   2 *Cowen & Hill's Notes*, 381, 3d ed.)  The evidence may be conceded to be true, and the presumption offered is not met or repelled.

*By the Court,* JAMES C. SMITH, J.   An instrument, purporting to be attested by a subscribing witness, may be proved as if there were no subscribing witness, where the person who has put his name as attesting witness, did so without the knowledge or consent of the parties. (2 *Phil. on Ev.*, 4 *Am. ed., with notes*, 499, 503.   2 *Wait's Law and Pr.* 431.)   In the present case, the plaintiff's counsel offered to prove that the chattel mortgage produced by him at the trial, was signed by the subscribing witness without the knowledge or request of either of the parties to the mortgage.   When he made the offer, he conceded that the mortgage was so subscribed by the witness, at the time of its execution.   The case states that the offer was objected to on two grounds :  (1.)  That having been subscribed by the witness at the time of the execution of the mortgage, it was deemed to have been adopted by the parties.   (2.)  That it would be an alteration or contradiction of the instrument, and, in effect, striking out the name of the subscribing witness.   In sustaining the objection, the referee, I think, fell into an error. The objection rests, mainly, on the fact that the witness subscribed the mortgage at the time of its execution.   But that fact is of no moment, if it be true, as the plaintiff

Dennis *v.* Ryan.

offered to show, that the witness so subscribed without the knowledge of either of the parties. To hold otherwise, would be to treat the signature of the witness as conclusive upon the parties; whereas it is only *prima facie* evidence that the witness was called in by them, and the presumption arising from it may be contradicted. And for that purpose parol testimony may be used, since the object of the proof is not to contradict or vary the written agreement, but merely to show that its execution was not attested in a particular way.

There should be a new trial, and as the present referee is the subscribing witness, and his testimony will probably be needed on the trial, another referee should be appointed in his place.

[MONROE GENERAL TERM, December 7, 1868. *E. Darwin Smith, Johnson* and *J. C. Smith,* Justices.]